UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LINDSEY M.G.,

                                    Plaintiff,

v.                                                                5:24-CV-00708
                                                                     (FJS/ML)

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

HILLER COMERFORD                         JEANNE E. MURRAY, ESQ.
INJURY & DISABILITY LAW              JUSTIN M. GOLDSTEIN, ESQ.
  *Attorneys for Plaintiff*
6000 North Bailey Avenue - Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.          GEOFFREY M. PETERS, ESQ.
  *Counsel for Defendant*
6401 Security Boulevard
Baltimore, Maryland 21235

**MIROSLAV LOVRIC**, United States Magistrate Judge

## REPORT-RECOMMENDATION

      Plaintiff Lindsey M.G. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Dkt. No. 1.) This matter was referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Court Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. No. 3.) This case has

proceeded in accordance with General Order 18. Currently before this Court are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 10, 15, 16.) For the reasons set forth below, this Court recommends that the District Court grant Plaintiff's motion for judgment on the pleadings, deny Defendant's motion for judgment on the pleadings, and remand the Commissioner's decision for further administrative proceedings.

I. **PROCEDURAL HISTORY**

On June 24, 2020, Plaintiff protectively filed applications for DIB and SSI, each alleging disability dating from June 23, 2020. (Administrative Transcript ("T.") 143-150, 240-246.) Her applications were denied initially on December 24, 2020, and her request for administrative reconsideration was denied on February 17, 2021. (T. 151-160, 163-178.) Plaintiff's request for a hearing was granted. (T. 179, 212-230.) On June 23, 2021, Plaintiff and vocational expert ("VE") Amy Vercillo testified by telephone before Administrative Law Judge ("ALJ") Gretchen Greisler. (T. 31-64.) The ALJ issued an unfavorable decision on July 6, 2021. (T. 10-30.) The Appeals Council denied Plaintiff's request for review on September 13, 2022, and Plaintiff filed a complaint with the Northern District of New York. (T. 1-6, 977-979.)

While that litigation was pending, the parties agreed to a stipulation remanding Plaintiff's disability claim, and the Honorable Glenn T. Suddaby, United States District Court Judge, ordered remand to the Appeals Council on February 9, 2023. (T. 975-976.) On June 6, 2023, the Appeals Council remanded Plaintiff's disability claim to ALJ Greisler, with instructions to re-evaluate the medical opinion evidence, particularly the December 2020 consultative opinion of Dr. Elke Lorensen. (T. 982-986.)

On January 3, 2024, the ALJ held a supplemental hearing by telephone to hear additional testimony from Plaintiff and VE Margaret Heck. (T. 932-949.) On January 31, 2024, the ALJ issued another unfavorable decision. (T. 906-931.) In response, Plaintiff commenced this proceeding in the Northern District of New York on May 24, 2024 to challenge the Commissioner's denial of disability benefits. (Dkt. No. 1.)

## II.     GENERALLY APPLICABLE LAW

### A.     Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2015); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). To facilitate the court's review, an ALJ must set forth the crucial factors justifying his or her findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010); *see also Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must

be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). Where substantial evidence supports the ALJ's findings they must be sustained "even where substantial evidence may support the plaintiff's positions and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado*, 805 F. Supp. at 153. In other words, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

B.   **Standard for Benefits**[1]

To be considered disabled, a plaintiff-claimant seeking benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff-claimant's

> physical or mental impairment or impairments [must be] of such
> severity that he is not only unable to do his previous work but

---

[1] The requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, so that "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Health and Human Servs.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

> cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2015). Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

### III.     FACTS

As of the date of the ALJ's decision, Plaintiff was 46 years old. (T. 36, 942.) She has a GED and is certified as a nursing assistant and home health aide. (T. 38, 656.) While her application was pending, Plaintiff and her teenage daughter resided with Plaintiff's father. (T. 36, 656.) Plaintiff also has an adult son who assists her with transport and daily tasks when he is in town. (T. 37.) Plaintiff's work history includes positions as an inspector at an auto parts

5

manufacturing facility, certified nursing assistant at a retirement facility, airport ramp agent, restaurant cashier, and grocery store produce clerk. (T. 56, 307-314, 937-938.)

Plaintiff was diagnosed with childhood leukemia at eight years old and underwent extensive treatment including chemotherapy and high-dose corticosteroids. (T. 669, 1099.) The cancer is in remission. (T. 669.) However, Plaintiff testified that her physicians attributed her lengthy history of back and joint pain to the side effects of her cancer treatment. (T. 669, 942, 1099.) She reported pain in her neck, back, shoulders, wrists, hands, and knees that has grown worse over time and made it difficult to walk, stand, or sit for extended periods. (T. 295, 899, 1234, 1368.) Treatment for her diagnosed osteoarthritis and back pain included physical therapy, nerve block injections, radiofrequency ablation,[2] and surgery. (T. 47-48, 363, 366-367, 652, 786, 1234, 1372). Plaintiff also experienced multiple right knee injuries that ultimately required surgery. (T. 50, 425, 447-451, 461-462.)

The record includes Plaintiff's relevant medical history. Rather than summarizing the records at the outset, I will refer to the pertinent records during my discussion of Plaintiff's arguments.

## IV.   THE ALJ'S JANUARY 31, 2024 DECISION

As an initial matter, the ALJ determined that Plaintiff met the insured status requirements through December 31, 2025. (T. 912.) Based upon her review of the administrative record, the ALJ found that Plaintiff's earnings records showed that she had engaged in substantial gainful activity ("SGA") during two distinct periods covered by her applications: January 2022 to June

---

[2] Radiofrequency ablation uses radio waves to heat and destroy a small area of nerve tissue, stopping it from sending pain signals to the brain. https://my.clevelandclinic.org/health/treatments/17411-radiofrequency-ablation [https://perma.cc/DHY8-XLBP].

2022 and January 2023 to March 2023. (*Id*.) Because there had still been one or more continuous twelve-month period during which Plaintiff did not engage in SGA, the ALJ considered Plaintiff's disability status for those periods. (*Id*.)

> At step two, the ALJ found that Plaintiff has the following severe impairments:
>
> a spinal disorder involving the lumbar and cervical spine with a history of an anterior cervical discectomy and fusion (ACDF); a right knee impairment characterized as patellofemoral chondromalacia, status post anterior cruciate ligament (ACL) reconstruction; a left knee impairment characterized as a meniscus tear; obstructive sleep apnea (OSA); bilateral carpal tunnel syndrome (CTS) status post surgical release; a foot impairment; and history of right shoulder surgery.

(T. 912-915.) At step three of the evaluation, the ALJ found that Plaintiff's impairments either singly or in combination did not meet or medically equal the severity of a listed impairment, including Listing 1.15 (Disorders of the skeletal spine resulting in compromise of a nerve root); Listing 1.16 (Lumbar spinal stenosis resulting in compromise of the cauda equina); Listing 1.17 (Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint); Listing 1.18 (Abnormality of a major joint(s) in any extremity); Listing 1.21 (Soft tissue injury or abnormality under continuing surgical management); Listing 3.03 (Asthma), and Listing 11.14 (Peripheral Neuropathy). (T. 915-916.)

Next, the ALJ found that Plaintiff could perform sedentary work with certain limitations. (T. 916-923.) Specifically, the ALJ found that Plaintiff:

> can occasionally stoop, balance, crouch, crawl, kneel and climb stairs and ramps but cannot climb ladders, ropes or scaffolds or work at unprotected heights. [Plaintiff] requires a brief 2-3 minute change in position after standing or walking for 10 minutes but retains the ability to remain on task. [Plaintiff] can frequently reach and handle, finger and feel. [Plaintiff] cannot use foot controls. [Plaintiff] cannot tolerate concentrated exposure to respiratory irritants or extreme temperatures.

(T. 916.)

In making the RFC determination, the ALJ stated that she considered all of Plaintiff's symptoms, and the extent to which those symptoms could "reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and 416.929" and Social Security Ruling ("SSR") 16-3p. (*Id*.)  The ALJ further stated that she considered opinion evidence and prior administrative medical findings in accordance with 20 C.F.R. §§ 404.1520c and 416.920c. (*Id*.)  The ALJ also considered Plaintiff's subjective complaints regarding pain, symptoms, and functional limitations raised during the hearing and in the overall administrative record and found them "not entirely consistent with the medical evidence and other evidence in the record . . ." (T. 918.)

At step four, the ALJ found that Plaintiff is unable to perform any of her past relevant work. (T. 923-924.)  Relying on the VE testimony, the ALJ next found that there are jobs existing in significant numbers in the national economy that Plaintiff can perform. (T. 924-925.) Accordingly, the ALJ found that Plaintiff had not been disabled from her alleged onset date of June 23, 2020 through the date of the ALJ's January 31, 2024 decision. (T. 925.)

## V.     ISSUES IN CONTENTION

Plaintiff argues that the ALJ erred in determining that Plaintiff "requires a brief 2–3 minute change in position after standing or walking for 10 minutes but retains the ability to remain on task," because such specific and narrow findings are not supported by any record evidence. (Dkt. No. 10 at 14-20.)  Plaintiff also argues that the ALJ improperly evaluated the persuasiveness of the medical opinion evidence, particularly the opinion of Plaintiff's primary care physician, Dr. Eva Gregory, regarding the extent of Plaintiff's exertional and postural limitations. (Dkt. No. 10 at 20-24.)  The Commissioner contends that the ALJ's analysis of the medical opinion evidence, Plaintiff's testimony, and the ultimate disability determination was

8

supported by substantial evidence. (Dkt. No. 15 at 8-21.) For the following reasons, this Court agrees with Plaintiff that the ALJ's disability determination was not supported by substantial evidence and recommends that the District Court grant Plaintiff's motion for judgment on the pleadings, deny Defendant's motion for judgment on the pleadings, and remand for further administrative proceedings.

## VI.     RFC AND MEDICAL OPINION EVIDENCE

### A.     Legal Standards

#### 1.     RFC

RFC is "what [the] individual can still do despite his or her limitations. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. . . ." A "regular and continuing basis" means eight hours a day, for five days a week, or an equivalent work schedule. *Balles v. Astrue*, No. 3:11-CV-1386 (MAD), 2013 WL 252970, at *2 (N.D.N.Y. Jan. 23, 2013) (citing *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96–8p, 1996 WL 374184, at *2)); *Babcock v. Berryhill,* No. 5:17-CV-00580 (BKS), 2018 WL 4347795, at *12-13 (N.D.N.Y. Sept. 12, 2018); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33 (2d Cir. 2013); *Stephens v. Colvin*, 200 F. Supp. 3d 349, 361 (N.D.N.Y. 2016).

In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations. 20 C.F.R. §§ 404.1545, 416.945. *See Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999) (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990)); *Kirah D. v. Berryhill*, No. 3:18-CV-0110 (CFH), 2019 WL 587459, at *8 (N.D.N.Y. Feb 13, 2019); *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010). An

ALJ must specify the functions a plaintiff is capable of performing and may not simply make conclusory statements regarding a plaintiff's capacities. *Roat v. Barnhart,* 717 F. Supp. 2d 241, 267 (N.D.N.Y. 2010); *Martone*, 70 F. Supp. 2d at 150 (citing *Ferraris*, 728 F.2d at 588; *LaPorta*, 737 F. Supp. at 183, *Stephens v. Colvin,* 200 F. Supp. 3d 349, 361 (N.D.N.Y. 2016); *Whittaker v. Comm'r of Soc. Sec.*, 307 F. Supp. 2d 430, 440 (N.D.N.Y. 2004). The RFC assessment must also include a narrative discussion, describing how the evidence supports the ALJ's conclusions, citing specific medical facts, and non-medical evidence. *Natashia R. v. Berryhill*, No. 3:17-CV-01266 (TWD), 2019 WL 1260049, at *11 (N.D.N.Y. Mar. 19, 2019) (citing SSR 96-8p, 1996 WL 374184, at *7).

### 2.   **Evaluating Medical Evidence**

The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017,[3] and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded. According to the new regulations, the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 82 Fed. Reg. 5844, at 5867–68, 2017 WL 168819 (Jan. 18, 2017), *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and "other factors." 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).

Although the new regulations eliminate the perceived hierarchy of medical sources,

---

[3] Plaintiff's applications were protectively filed on June 24, 2020. (T. 151-160, 163-178.) Thus, the new regulations apply in this case.

deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions." *Id.* at §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1). The two "most important factors for determining the persuasiveness of medical opinions are consistency and supportability," which are the "same factors" that formed the foundation of the treating source rule. *Revisions to Rules*, 82 Fed. Reg. 5844-01 at 5853.

An ALJ is specifically required to "explain how [he or she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). With respect to "supportability," the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(1), 416.920c(c)(1). The regulations provide that with respect to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(2), 416.920c(c)(2).

Under the new regulations an ALJ must consider, but need not explicitly discuss, the three remaining factors in determining the persuasiveness of a medical source's opinion. *Id.* at §§ 404.1520c(b)(2), 416.920c(b)(2). However, where the ALJ has found two or more medical opinions to be equally well supported and consistent with the record, but not exactly the same, the ALJ must articulate how he or she considered those factors contained in paragraphs (c)(3) through (c)(5). *Id.* at §§ 404.1520c(b)(3), 416.920c(b)(3).

11

### B. The ALJ's Highly Specific RFC Determination was Not Supported by Substantial Evidence.

It is well-established that ALJs are not required to "reconcile every conflicting shred of medical testimony." *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981). However, it is equally true that ALJs must discuss the evidence and factors "crucial" to the disability determination with "sufficient specificity to enable [this Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citing *Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir. 1983)). Put another way, an ALJ must "build an accurate and logical bridge from the evidence to her conclusion to enable a meaningful review." *Pamela P. v. Saul*, No. 3:19-CV-575 (DJS), 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

With that in mind, courts have consistently found that a very specific or narrowly tailored RFC assessment must be based on evidence in the record, not on "the ALJ's own surmise." *See Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) (remanding where there was no record evidence to support very specific RFC finding that Plaintiff would be off task for just six minutes every hour); *Mariani v. Colvin*, 567 Fed.App'x. 8, 10 (2d Cir. 2014) (summary order) (remanding where the record contained no evidence to support ALJ's determination that plaintiff's carpal tunnel syndrome still allowed use of his dominant hand for half the workday).

Plaintiff's primary care provider, Dr. Eva Gregory, issued an opinion dated June 17, 2021 and based upon her twenty-eight year treatment history with Plaintiff. (T. 893-895.) In relevant part, Dr. Gregory opined that Plaintiff could sit for a total of less than two hours over the course of a workday and was only able to sit for fifteen minutes at one time before needing to get up or change position. (T. 893.) She likewise opined that Plaintiff was limited to standing or walking

for less than two hours total over the course of the workday and could only stand for ten minutes at one time before needing to sit down, walk around, or otherwise change positions. (*Id*.)  In Dr. Gregory's opinion, Plaintiff required a job that permitted shifting positions at will from sitting, standing, or walking, and would frequently need fifteen-to-twenty-minute breaks during the workday. (T. 893-894.)  She further opined that Plaintiff would need to elevate her legs above her hips for most of the workday if her job required prolonged sitting, and that her pain and other symptoms would "constantly" interfere with her ability to maintain attention and concentration. (T. 894-895.)

The ALJ found Dr. Gregory's opinion to be inconsistent with the broader medical record and Plaintiff's activities of daily living and deemed it "less persuasive" than the other medical opinions. (T. 923.)  In particular, the ALJ found the significant restrictions opined by Plaintiff's primary care physician inconsistent with record evidence of full strength in the lower extremities and a normal gait. (T. 376, 770, 923, 1173, 1467, 1471.)  The ALJ also found the physician's opinion to be more restrictive than Plaintiff's own characterization, as reflected in Dr. Gregory's own treatment notes, that she "cannot sit or stand for longer than 2 hours at a time without having to get up or change position." (T. 899, 923.)

None of the other medical opinions in the record address Plaintiff's need to change position.  Dr. Elke Lorensen, who performed a consultative physical examination of Plaintiff in December 2020, opined that Plaintiff had "no gross limitations for sitting" and "[m]ild to moderate limitations for prolonged standing and ambulating, presumably secondary to recent right knee surgery." (T. 655.)  Dr. J. Rosenthal, who reviewed Plaintiff's then-current medical records in December 2020, opined that Plaintiff could sit for about six hours total over the course of a workday, and could stand and/or walk for the same approximately six hour total each

13

workday. (T. 76.) Dr. M. Vazquez Gonzalez reviewed the same record in February 2021 as part of the administrative reconsideration process and affirmed Dr. Rosenthal's opinion regarding Plaintiff's ability to sit, stand, and walk for extended periods. (T. 111-113.)  The ALJ found each of these opinions to be "partially persuasive," but discounted them due to subsequent medical evidence, such as documentation of Plaintiff's aggravation of her knee injury and subsequent surgery.  (T. 923.)

Recognizing that the ALJ's assessment of Plaintiff's need to change position, the frequency at which it would occur, and the ability to remain on task while doing so was not grounded in a formal medical opinion, the Commissioner contends that this portion of the RFC determination is based upon Plaintiff's testimony and other subjective assessment of her condition, viewed "in the light most favorable to the claimant." (T. 917-918, 922.)  (Dkt. No. 15 at 8-9.)  Courts within this district have recognized that testimonial and other record evidence can support such findings even where the ALJ did not rely on a particular medical opinion.  *See Shawn A. v. Kijakazi*, No. 6:22-CV-189 (DJS), 2023 WL 2242085, at *4 (N.D.N.Y. February 27, 2023) (". . . a medical opinion specifically stating the need for a sit/stand option is not always required if the need for one is apparent on the record."); *Michael H. v. Saul*, No. 5:20-CV-417 (MAD), 2021 WL 2358257, at *9 (N.D.N.Y. June 9, 2021) (finding substantial evidence for ALJ's RFC determination where plaintiff's testimony directly supported conclusion that he could perform light work so long as he could change positions every thirty minutes for at least one minute while remaining on task).

To be sure, Plaintiff did testify regarding her ability to sit, stand, and walk and her need to regularly change positions over the course of a workday.  At her June 23, 2021 hearing, Plaintiff testified that

14

> I can only stand for - - I'm not exaggerating. I have a hard time standing more than 15, 20 minutes at a time. I have to sit down because – I have to either sit or I have to lean right over, take the pressure off my back.

(T. 46.) At the January 3, 2024 supplemental hearing, Plaintiff testified

> I can't sit down too long because I got a bad hip, you know, it causes my lower lumbar to hurt, I have to be up and down, up and down and I haven't had any luck finding an employer[] to accommodate that."

(T. 941.) Regarding standing, Plaintiff testified at the same hearing that

> Like if I'm on my feet for ten minutes I sit down, my feet are throbbing, I go to stand up and I can't even put pressure on my leg.

(*Id.*) Plaintiff further testified that she had to quit several cashier and customer service positions because those job required her to stand for extended periods. (T. 939-940.)

What this testimony does not address, however, are two very specific findings made by the ALJ: (1) Plaintiff requires a "brief 2-3 minute change in position" after walking or standing for ten minutes and (2) Plaintiff can remain on task while shifting from standing or sitting. (T. 916.) Indeed, the ALJ's basis for these conclusions is entirely unclear, suggesting that the ALJ improperly based them upon her "own surmise." *See Cosnyka*, 576 F. App'x 43, 46 (2d Cir. 2014) (remanding where there was no record evidence to support RFC determination that plaintiff would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency); *John S., v. Bisignano*, No. 3:24-CV-334 (BKS/MJK), 2025 WL 2201107, at *7 (N.D.N.Y. June 13, 2025), *rep. rec. adopted*, 2025 WL 2197149 (N.D.N.Y. Aug. 1, 2025) (remanding where RFC determination that plaintiff "requires a brief 2-3 minute change in position after standing or walking for 30 minutes but retains the ability to remain on task" appeared to be "created . . . out of whole cloth"); *Shawn A*, 2023 WL 2242085, at *4 (remanding to allow "for a more complete analysis of the propriety of and

15

parameters for a sit/stand option" where ALJ failed to identify record support for RFC determination that plaintiff "requires a brief, 1 to 2 minute change in position after sitting, standing, or walking for 30 minutes, but retains the ability to remain on task while changing positions.")

Meaningful review is "frustrated" where "the Court is left to guess at the ALJ's reasoning." *See Brian C. v. Comm'r of Soc. Sec.*, No. 3:22-CV-01292 (LEK/TWD), 2024 WL 1468869, at *8 (N.D.N.Y. Feb. 20, 2024), *rep. rec. adopted*, 2024 WL 1069877 (N.D.N.Y. Mar. 12, 2024). Because the ALJ's decision fails to build the requisite accurate and logical bridge between the record evidence and her highly specific RFC determination, this Court recommends remand for further administrative proceedings. This Court also notes that the extent of Plaintiff's need to change positions and her ability to maintain on task while doing so impacted the VE testimony regarding available jobs existing in the national economy, so the ALJ's error in failing to adequately explain her evaluation of these issues cannot be considered harmless.

      **C.**      **Plaintiff's General Challenge to the ALJ's Evaluation of the Medical Opinion Evidence Does Not Present Independent Grounds for Remand.**

If the District Court adopts my above recommendation to remand for further administrative proceedings, the reevaluation of Plaintiff's need to change positions while working and her ability to remain on-task while doing so will necessarily require reconsideration of Dr. Gregory's opinion regarding those issues as well as her opinion of Plaintiff's ability to sit, stand, and walk for extended periods. However, if the District Court were to find that the challenged portions of the ALJ's RFC determination were supported by substantial evidence, Plaintiff's more general challenge to the ALJ's evaluation of the medical opinion evidence would not present independent grounds for remand.

Plaintiff contends that Dr. Gregory's medical opinion, which is much more restrictive than the ALJ's RFC determination, was well-supported by the physician's treatment notes and consistent with the broader medical record, particularly imaging reports from 2020, 2021, and 2022 showing a deterioration in Plaintiff's cervical and lumbar spine. (T. 725-726, 1436, 1440.) Although the ALJ cited to various treatment notes and imaging reports that arguably supported her RFC determination, Plaintiff contends that these citations were "cherry-picked" and misrepresented her functional limitations. (Dkt. No. 10 at 20-24.)

At best, Plaintiff's direct challenge to the ALJ's assessment of Dr. Gregory's opinion is "premised upon a disagreement over how the ALJ resolved arguably conflicting evidence" about Plaintiff's physical functional limitations and does not present independent grounds for remand. *See Kimball v. Comm'r of Soc. Sec.*, No. 6:14-CV-0698 (LEK/ATB), 2015 WL 4251163, at *9 (N.D.N.Y. July 13, 2015). This court will not reweigh the evidence presented to the ALJ. *See Warren v. Comm'r of Soc. Sec.*, No. 3:15-CV-1185 (GTS/WBC), 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'") (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996) (alteration in original)), *rep't-rec. adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) be **GRANTED**; Defendant's motion for judgment on the pleadings (Dkt. No. 15) be **DENIED;** and that the matter be **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   August 19, 2025
        Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge